UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVRAJ SINGH, | Case No.  1:26-cv-0333-DC-JDP |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| SERGIO ALBARRAN, *et al.*, | (ECF Nos. 12, 14) |
| Respondents. | |

Petitioner, an immigration detainee, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 302.

On April 13, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days.  ECF No. 12.  Respondents filed objections to the findings and recommendations.  ECF No. 13.  In their objections, Respondents merely state that they object "[f]or the reasons set forth in Respondents' previous briefing."  *Id.*  However, those arguments were addressed and rejected by the magistrate judge and by the undersigned in this case and in other cases.  Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8

1

U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).  Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

On June 22, 2026, Respondents filed a motion to modify or dissolve the preliminary injunctive relief entered by the court on January 21, 2026, ECF No. 8, because they interpreted that injunction as preventing ICE from executing a final order of removal.  ECF No. 14.  Having considered that motion. the court will grant that motion and modify the terms of the injunction to make clear that a removal based on an executable final removal order is not impacted.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed April 13, 2026 are ADOPTED;

2. The petition for writ of habeas corpus, ECF No. 1, is GRANTED;

3. Respondents' motion to modify the preliminary injunction, ECF No. 14, is GRANTED;

4. The preliminary injunctive relief previously granted, ECF No. 8, is modified as follows and made permanent;

    a.    Respondents shall not impose any additional restriction on Petitioner, such as electronic monitoring, unless that is determined to be necessary at a future pre-

deprivation/custody hearing;

    b.    If the Government seeks to re-detain Petitioner, it must provide no less than 7 days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered; and

    c.    This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal; and

4. The Clerk of the Court is ordered to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated:   **June 25, 2026**                           _____

Dena Coggins
United States District Judge